

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 0 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK



Of Counsel:
DWYER SCHRAFF MEYER
 GRANT & GREEN
Attorneys at Law
A Law Corporation

WILLIAM G. MEYER, III        2513-0
E-mail:  wmeyer@dwyerlaw.com
RONALD V. GRANT              3832-0
E-mail:  rgrant@dwyerlaw.com
PATRICK K. SHEA              8387-0
E-mail:  pshea@dwyerlaw.com
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii  96813
Telephone:  (808) 524-8000
Facsimile: (808) 537-4667

Attorneys for Defendants
 AMERICAN PACIFIC UNIVERSITY,
 THE EMPOWERMENT PARTNERSHIP,
 LLC, ADVANCED NEURODYNAMICS,
 INC., MATTHEW B. JAMES and SOOMI
 JAMES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVERETT W. JAMES,<br><br>         Plaintiff,<br><br>    v.<br><br>A M E R I C A N   P A C I F I C<br>U N I V E R S I T Y ,   T H E<br>E M P O W E R M E N T<br>P A R T N E R S H I P ,   L L C ,<br>A D V A N C E D   N E U R O<br>DYNAMICS, INC., MATTHEW B. | CIVIL NO. 05-00746 JMS/BMK<br><br>DEFENDANTS AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT PARTNERSHIP, LLC, ADVANCED NEURODYNAMICS, INC, MATTHEW B. JAMES AND SOOMI JAMES' ANSWER TO COMPLAINT OF EVERETT W. JAMES FILED DECEMBER 5, 2005; ADVANCED NEURO DYNAMICS INC.'S AND |

| JAMES,  and SOOMI JAMES, | MATTHEW B. JAMES' COUNTERCLAIM AGAINST EVERETT W. JAMES; CERTIFICATE OF SERVICE |
|---|---|
| Defendants. | |

### DEFENDANTS AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT PARTNERSHIP, LLC, ADVANCED NEURO DYNAMICS, INC, MATTHEW B. JAMES AND SOOMI JAMES' ANSWER TO COMPLAINT OF EVERETT W. JAMES FILED DECEMBER 5, 2005

Defendants American Pacific University, The Empowerment Partnership, LLC, Advanced Neuro Dynamics, Inc., Matthew B. James, and Soomi James, (Collectively, "Defendants") by and through their attorneys Dwyer Schraff Meyer Grant & Green, hereby respond to Plaintiff Everett W. James' Complaint filed on December 5, 2005.

### ANSWER OF DEFENDANTS TO GENERAL ALLEGATIONS

1.     With respect to the allegations of paragraph 1 of the Complaint, Defendants aver that the provisions of law cited therein each speak for themselves, and deny that this Court has original jurisdiction over Plaintiff's claim as stated in his Complaint filed on December 5, 2005.

2.     With respect to the allegations of paragraph 2 of the Complaint, Defendants admit that Everett W. James, Matthew B. James and Soomi James are residents of the State of Hawaii.

255086.1

3.      With respect to the allegations of paragraph 3 of the Complaint, Defendants admit that American Pacific University ("APU") is a Hawaii non-profit corporation which has Honolulu, Hawaii as its principal place of business.

4.      With respect to the allegations of paragraph 4 of the Complaint, Defendants admit that The Empowerment Partnership, LLC ("TEP") is a Hawaii limited liability company which has Honolulu, Hawaii as its principal place of business.

5.      With respect to the allegations of paragraph 5 of the Complaint, Defendants admit that Advanced Neuro Dynamics ("AND") is a Hawaii corporation which has Honolulu, Hawaii as its principal place of business.

6.      Responding to paragraph 6 of the Complaint, Defendants admit that plaintiff is the author or co-author of several books and audio- and video-tapes about empowering people to be the best they can be.  Defendants deny all remaining allegations of paragraph 6 of the Complaint.

7.      Responding to paragraph 7 of the Complaint, Defendants deny all allegations contained in paragraph 7 of the Complaint.

8.      Responding to paragraph 8 of the Complaint, Defendants admit only that plaintiff has appeared on a number of television programs, but deny that all breakthrough techniques shared on such programs were solely plaintiff's breakthrough techniques and further deny that the audio and video package *The*

- 3 -

*Secret of Creating Your Future Personal Success Program* was solely plaintiffs creation.

9. Responding to paragraph 9 of the Complaint, Defendants admit the allegations of paragraph 9 of the Complaint.

10. Responding to paragraph 10 of the Complaint, Defendants admit that, as used by plaintiff in his complaint, the term "Intellectual Property" as an abbreviation refers to the trademarks noted at paragraph 9 and to Plaintiff's name and image, but deny that such abbreviation is legally or factually significant.

11. Responding to paragraph 11 of the Complaint, Defendants admit the allegations of paragraph 11 of the Complaint.

12. Responding to paragraph 12 of the Complaint, Defendants admit only that The Empowerment Partnership LLC is a Hawaii LLC.

13. Responding to paragraph 13 of the Complaint, Defendants admit the allegations of paragraph 13 of the Complaint.

14. Responding to paragraph 14 of the Complaint, Defendants admit the allegations contained in paragraph 14.

15. Responding to paragraph 15 of the Complaint, Defendants admit the allegations contained in paragraph 15.

16. Responding to paragraph 16 of the Complaint, Defendants deny each and every allegation of paragraph 16 of the Complaint.

17.     Responding to paragraph 17 of the Complaint, Defendants deny each and every allegation of paragraph 17 of the Complaint.

18.     Responding to paragraph 18 of the Complaint, Defendants deny each and every allegation of paragraph 18 of the Complaint.

19.     Responding to paragraph 19 of the Complaint, Defendants deny each and every allegation of paragraph 19 of the Complaint.

20.     Responding to paragraph 20 of the Complaint, Defendants admit that plaintiff has demanded that defendants stop using the phrases "Timeline Therapy," "The Secret of Creating Your Future" and "Creating Your Future," but deny that they use or have used such phrases in a manner which infringes protectable rights of plaintiff.

21.     Responding to paragraph 21 of the Complaint, Defendants deny each and every allegation of paragraph 21 of the Complaint.

## DEFENDANTS' RESPONSE TO COUNT I
## INFRINGEMENT OF TRADEMARKS

22.     Responding to paragraph 22 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 21 of the Complaint, as though fully set forth herein.

23.     Responding to paragraph 23 Defendants aver that the provisions of law cited therein speak for themselves.

255086.1

24.    Responding to paragraph 24 Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.    Responding to paragraph 25 Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.    Responding to paragraph 26 Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Responding to paragraph 27 Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    Responding to paragraph 28 Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.    Responding to paragraph 29 Defendants deny the allegations contained in paragraph 29 of the Complaint.

## DEFENDANTS' RESPONSE TO COUNT II
## DECEPTIVE TRADE PRACTICES

30.    Responding to paragraph 30 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 29 of the Complaint, as though fully set forth herein.

31.    Responding to paragraph 31 Defendants aver that the provision of law cited therein speaks for itself.

32.    Responding to paragraph 32 Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Responding to paragraph 33 Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Responding to paragraph 34 Defendants deny the allegations contained in paragraph 34 of the Complaint.

## DEFENDANTS' RESPONSE TO COUNT III
## UNFAIR METHODS OF COMPETITION

35.     Responding to paragraph 35 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

36.     Responding to paragraph 36 Defendants aver that the provisions of law cited therein speak for themselves.

37.     Responding to paragraph 37 Defendants deny the allegations contained in paragraph 37 of the Complaint.

## DEFENDANTS' RESPONSE TO COUNT IV
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

38.     Responding to paragraph 38 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 37 of the Complaint, as though fully set forth herein.

39.     Responding to paragraph 39 Defendants deny the allegations contained in paragraph 39 of the Complaint.

255086.1

## DEFENDANTS' RESPONSE TO COUNT V
## BREACH OF PRIVACY/RIGHT OF PUBLICITY
## AND MISAPPROPRIATION OF NAME AND LIKENESS FOR
## <u>COMMERCIAL PURPOSE</u>

40.     Responding to paragraph 40 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 39 of the Complaint, as though fully set forth herein.

41.     Responding to paragraph 41 Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Responding to paragraph 42 Defendants deny the allegations contained in paragraph 42 of the Complaint.

## DEFENDANTS' RESPONSE TO COUNT V
## <u>MONETARY RECOVERY</u>

43.     Responding to paragraph 43 of the Complaint, Defendants incorporate by this reference their answers to Paragraphs 1 through 42 of the Complaint, as though fully set forth herein.

44.     Responding to paragraph 44 Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Responding to paragraph 45 Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Responding to paragraph 46 Defendants deny the allegations contained in paragraph 46 of the Complaint.

255086.1

47.     Responding to paragraph 47 Defendants deny the allegations contained in paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS
## FIRST AFFIRMATIVE DEFENSE

48.     The Complaint fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

49.     The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiff's request for compensatory or other damages.

## THIRD AFFIRMATIVE DEFENSE

50.     The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiff's request for costs and/or attorneys' fees.

## FOURTH AFFIRMATIVE DEFENSE

51.     The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiff's request for injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

52.     The Complaint fails to state facts sufficient to state a claim upon which treble damages are available to Plaintiff.

255086.1

## SIXTH AFFIRMATIVE DEFENSE

53.    Plaintiff's claims for relief are barred by express and/or implied license.

## SEVENTH AFFIRMATIVE DEFENSE

54.    The Complaint, and each claim for relief, is barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

55.    Plaintiff is precluded from asserting any rights alleged in the Complaint by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

56.    Plaintiff is precluded from asserting any rights alleged in the Complaint by the doctrines of abandonment and/or waiver.

## TENTH AFFIRMATIVE DEFENSE

57.    Plaintiff is precluded from asserting any rights alleged in the Complaint by the doctrine of promissory estoppel and/or detrimental reliance.

## ELEVENTH AFFIRMATIVE DEFENSE

58.    Plaintiff has suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.

255086.1

## TWELFTH AFFIRMATIVE DEFENSE

59.     Any acts, or omissions to act, by Defendants were not the proximate cause of any injuries allegedly suffered by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff has failed to mitigate his damages and failed to exercise due diligence in his effort, if any, to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

61.     Plaintiff is barred from obtaining any of the relief he seeks herein by the defenses identified in Rule 12 of the Federal Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff is barred from obtaining injunctive and/or extraordinary relief because Plaintiff has not suffered irreparable harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

63.     Plaintiff is barred from obtaining injunctive and/or extraordinary relief because the balancing of hardships favors Defendants and not Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

64.     The facts alleged by Plaintiff do not state a claim for copyright infringement.  Accordingly, this Court lacks subject matter jurisdiction.

255086.1

## NINETEENTH AFFIRMATIVE DEFENSE

65.     Defendants are entitled to make fair use of the words or phrases which Plaintiff claims are protectable under trademark/unfair competition law.

## TWENTIETH AFFIRMATIVE DEFENSE

66.     Defendants are entitled to other non-trademark use of the words or phrases which Plaintiff claims are protectable under trademark/unfair competition law.

## TWENTY FIRST AFFIRMATIVE DEFENSE

67.     Plaintiff has filed a companion case in Circuit Court for the First Circuit of The State of Hawaii against, *inter alia,* Matthew B. James, Soomi James and Advanced Neuro Dynamics, Inc., regarding stock ownership of AND where subject matter jurisdiction of the claims purportedly stated herein is proper.

## TWENTY SECOND AFFIRMATIVE DEFENSE

68.     Defendants intend to rely on the defense of continuous prior use.

## TWENTY THIRD AFFIRMATIVE DEFENSE

69.     Plaintiff is barred by the First Amendment to the United States Constitution from obtaining any of the relief it seeks herein.

255086.1

## TWENTY FOURTH AFFIRMATIVE DEFENSE

70.     Plaintiff is barred from obtaining any of the relief it seeks herein because the alleged harm to Plaintiff's commercial interests, if any, result from fair and good faith competition in the marketplace.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

71.     Plaintiff is barred from obtaining any of the relief it seeks herein because any loss or harm sustained by Plaintiff as a result of Defendants' actions did not result from legally protected interests of Plaintiff.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff takes nothing by his Complaint and that the same be dismissed with prejudice;

2.      That Defendants have judgment entered in their favor;

3.      That Defendants be awarded costs of suit, including attorneys' fees as allowed by law; and

255086.1

4.     For such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, January 30, 2006.

_____

WILLIAM G. MEYER, III
RONALD V. GRANT
PATRICK K. SHEA
Attorneys for Defendants
  AMERICAN PACIFIC UNIVERSITY,
  THE EMPOWERMENT PARTNERSHIP,
  LLC, ADVANCED NEURODYNAMICS,
  INC., MATTHEW B. JAMES and SOOMI
  JAMES

255086.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVERETT W. JAMES,<br><br>     Plaintiff,<br><br>  v.<br><br>AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT PARTNERSHIP, LLC, ADVANCED NEURO DYNAMICS, INC., MATTHEW B. JAMES, and SOOMI JAMES,<br><br>     Defendants. | CIVIL NO. 05-00746 JMS/BMK<br><br>CERTIFICATE OF SERVICE |
| AMERICAN PACIFIC UNIVERSITY, and MATTHEW B. JAMES,<br><br>     Counterclaimants,<br><br>  v.<br><br>EVERETT W. JAMES,<br><br>     Counterclaim Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of DEFENDANTS

AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT PARTNERSHIP,

LLC, ADVANCED NEURODYNAMICS, INC, MATTHEW B. JAMES AND

255086.1

SOOMI JAMES' ANSWER TO COMPLAINT OF EVERETT W. JAMES FILED

DECEMBER 5, 2005; ADVANCED NEURO DYNAMICS INC.'S AND

MATTHEW B. JAMES' COUNTERCLAIM AGAINST EVERETT W. JAMES;

CERTIFICATE OF SERVICE was served by depositing the same in the U.S. Mail,

postage prepaid, upon the following parties on January 30, 2006:

TO:   PAUL MAKI, ESQ.
      1100 Alakea Street, 23rd Floor
      Honolulu, Hawaii  96813
      Attorney for Plaintiff
        EVERETT W. JAMES

      DATED: Honolulu, Hawaii, January 30, 2006.

                                    _____
                                    WILLIAM G. MEYER, III
                                    RONALD V. GRANT
                                    PATRICK K. SHEA
                                    Attorneys for Defendants
                                      AMERICAN PACIFIC UNIVERSITY,
                                      THE EMPOWERMENT PARTNERSHIP,
                                      LLC, ADVANCED NEURODYNAMICS,
                                      INC., MATTHEW B. JAMES and SOOMI
                                      JAMES

255086.1
-2-