Case 1:05-cv-00746-JMS-BMK   Document 36   Filed 04/06/06   Page 1 of 18   PageID #: 300

PAUL MAKI          #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel. No. (808) 545-1122
Fax       (808) 545-1711
E-mail: pmaki@makilaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVERETT W. JAMES,<br><br>         Plaintiff,<br><br>  vs.<br><br>AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT PARTNERSHIP, LLC, ADVANCED NEURO DYNAMICS, INC., MATTHEW B. JAMES, and SOOMI JAMES,<br><br>         Defendants. | Civil No. 05-00746 JMS/BMK<br><br>FIRST AMENDED COMPLAINT |

FIRST AMENDED COMPLAINT

Plaintiff EVERETT W. JAMES, by and for his first amended complaint against defendants AMERICAN PACIFIC UNIVERSITY, THE EMPOWERMENT     PARTNERSHIP,     LLC,     ADVANCED     NEURO

DYNAMICS, INC., MATTHEW B. JAMES, and SOOMI JAMES, hereby alleges as follows:

## JURISDICTION AND VENUE

1.  <u>Jurisdiction and Venue.</u>  This is an action arising under the trademark laws of the United States of America.  This Court has original jurisdiction of this civil action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367 (a).   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

2.  Plaintiff EVERETT W. JAMES and defendants MATTHEW B. JAMES and SOOMI JAMES are residents and citizens of the State of Hawaii.

3.  Defendant AMERICAN PACIFIC UNIVERSITY (hereinafter "APU") is a Hawaii non-profit corporation, having its principal office and place of doing business in the City and County of Honolulu, State of Hawaii.

4.  Defendant THE EMPOWERMENT PARTNERSHIP, LLC

(hereinafter "TEP") is a Hawaii limited liability company, having its principal office and place of doing business in the City and County of Honolulu, State of Hawaii.

5.  Defendant ADVANCED NEURO DYNAMICS, INC. (hereinafter "AND") is a Hawaii corporation, having its principal office and place of doing business in the City and County of Honolulu, State of Hawaii.

## FACTUAL STATEMENTS

### Plaintiff Everett W. James

6.  Plaintiff is, and for over twenty years has been, dedicated to training individuals in self improvement and self awareness techniques. He is the author of 7 books and numerous audio- and video-tapes, all about empowering people to be the best they can be. He is the creator of many self improvement techniques. He is an exciting, dynamic seminar leader, speaking to thousands every year.

7.  Plaintiff is a well recognized and acknowledged leader in the self improvement and development field, with plaintiff's name and image being well recognized and highly valued in the field.

8.  Since 1992, plaintiff has appeared on hundreds of local and

national television programs throughout North America, sharing his breakthrough techniques and promoting his number one, best selling audio and video package, *The Secret of Creating Your Future® Personal Success Program*.

9. Plaintiff is the owner of the following trademarks registered with the United States Patent and Trademark Office:

| Mark | Regis. No. |
|---|---|
| TIME LINE THERAPY | 1890438 |
| TIME LINE THERAPY | 1818198 |
| CREATING YOUR FUTURE | 2778363 |
| CREATING YOUR FUTURE | 2778362 |
| CREATING YOUR FUTURE | 0986952 |
| THE SECRET OF CREATING YOUR FUTURE | 1780127 |
| THE SECRET OF CREATING YOUR FUTURE | 1724378 |
| THE SECRET OF CREATING YOUR FUTURE | 2862394 |

10. The foregoing referenced trademarks and plaintiff's name and image are hereinafter referred to as "Plaintiff's Intellectual Property".

11. In or about 1982, plaintiff caused Advanced Neuro

Dynamics, Inc. ("AND") to be formed as a Hawaii corporation. From the formation of AND until Fall 2005, plaintiff was an employee of AND.

12.   Plaintiff had an oral contract of employment with AND, the essential terms of which were that plaintiff, in exchange for his permitting AND to use his name, image, teaching materials and other rights in connection with training sessions and seminars provided by AND, would remain as an employee of AND.

Defendants

American Pacific University ("APU")

13.   APU purports to be an educational institution with a "distance learning program" "provid[ing] post-secondary degrees for students through the medium of distance learning via the correspondence method with optional seminars and workshops to enhance skills and knowledge." APU claims that its "programs are designed to equip sincere students with knowledge and expertise in esoteric issues of human behavioral science and metaphysics" and provide a basis for its students "to overcome the limitations of the more traditional forms of education."

The Empowerment Partnership, LLC ("TEP")

14.   TEP is a Hawaii limited liability company formed on

September 22, 2005.  It claims to be "the largest company on the Planet providing trainings, and product in Neuro Linguistic Programming, Time Line Therapy®, Hypnosis and Ancient Hawaiian Huna", to have offices in Hawai'i and California, and each year to "train over a thousand people ... in the art and science of NLP through live trainings, videos and audios and business trainings."

Advanced Neuro Dynamics, Inc. ("AND")

15. AND is a Hawaii corporation founded by plaintiff, the ownership of which is currently disputed.

16. AND's present management recently, without cause or justification, terminated its relationship with plaintiff.

Matthew B. James

17. Defendant Matthew B. James is an officer of APU, the manager of TEP, and "Director of Research and Training Design" of AND.

18. Defendant Matthew B. James has the right and ability to, and, in fact, does supervise and control the infringing activities of the other defendants and has direct financial interest in such activities.

Soomi James

19.     Defendant Soomi James is, or purports to be, the Chairman, President and Secretary of AND and, together with Defendant Matthew B. James, has the right and ability to, and, in fact, does supervise and control the infringing activities of AND and has direct financial interest in such activities.

Defendants' Infringing Activity

20.     Defendants are using Plaintiff's Intellectual Property to promote their own business interests.  Such use includes defendants' publication of Plaintiff's Intellectual Property in various media, including newspapers and Internet web sites, all for the purpose and with the intent of seeking to benefit, financially and otherwise, therefrom.

21.     Plaintiff has not authorized or consented to this use by defendants of Plaintiff's Intellectual Property.

22.     Plaintiff has made several demands that defendants cease such use.   Notwithstanding plaintiff's demands, defendants' use of Plaintiff's Intellectual Property continues.

23.     Defendants' unauthorized use of Plaintiff's Intellectual

Property has caused plaintiff, and continues to cause plaintiff, significant and irreparable injury in that he is unable to reap the commercial value or control the use to which Plaintiff's Intellectual Property is put.

## COUNT I

## INFRINGEMENT OF TRADEMARKS

24. Plaintiff here realleges that allegations set forth in paragraphs 1-22 hereof, with like effect as if the same were set forth here in full.

25. This Count arises under §§ 32 and 43(a) of the Lanham Act [15 U.S.C. §§1114 and 1125(a)].

26. Plaintiff's Intellectual Property is distinctive and is the exclusive property of plaintiff, with no one, including specifically the defendants, having the right to its use without plaintiff's consent and authorization.

27. Defendants' use of Plaintiffs' Intellectual Property has caused confusion and is likely to cause further confusion and mistake and to deceive consumers as to plaintiff's endorsement, association and/or sponsorship of the goods and services offered by defendants.

28. By the actions alleged above, defendants have infringed and will continue to infringe Plaintiff's Intellectual Property and are likely to cause further confusion and mistake and to deceive consumers as to the endorsement, association and/or sponsorship of defendants by plaintiff.

29. Defendants' use of Plaintiff's Intellectual Property subjects plaintiff's valuable good will and reputation to the hazards and perils of defendants' business activities, over which plaintiff has no control.

30. Defendants' use of Plaintiff's Intellectual Property has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that defendants' services are associated with or endorsed by plaintiff, thus causing immediate and substantial irreparable harm to plaintiff and to the valuable goodwill and reputation which plaintiff has established in Plaintiff's Intellectual Property.

31. Plaintiff, having no adequate remedy at law, is entitled to an injunction restraining defendants, their respective shareholders, officers, directors, members, managers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of the trademark laws.

## COUNT II

## DECEPTIVE TRADE PRACTICES

32. Plaintiff here realleges the allegations set forth in paragraphs 1-31 above with like effect as if the same were set forth here in full.

33. This Count arises under the Hawaii Uniform Deceptive Trade Practices Act, Chapter 481A, Hawaii Revised Statutes.

34. Defendants' sale, or offering for sale, of services using Plaintiff's Intellectual Property has caused and is likely to cause further confusion or of misunderstanding as to the endorsement, sponsorship, or approval of defendants' services and the affiliation, connection or association of defendants' services with plaintiff.

35. Defendants' use of Plaintiff's Intellectual Property is likely to subject plaintiff's valuable good will and reputation to the hazards and perils of defendants' business activities, over which plaintiff has no control.

36. Defendants' use of Plaintiff's Intellectual Property has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that defendants' services are associated with or endorsed by plaintiff, thus causing irreparable injury and damage to plaintiff and to

the public.  Such unfair competition and infringement will continue unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT III

### UNFAIR METHODS OF COMPETITION

37. Plaintiff here realleges the allegations set forth in paragraphs 1-36 above with like effect as if the same were set forth here in full.

38. This Count arises under Sections 480-2 and 480-13, Hawaii Revised Statutes.

39. The actions of defendants as set forth above constitute unfair methods of competition prohibited by Section 480-2, Hawaii Revised Statutes.

## COUNT IV

### COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

40. Plaintiff here realleges the allegations set forth in paragraphs 1-39 above with like effect as if the same were set forth here in full.

41. The wrongful acts of defendants as herein alleged constitute unfair competition and an infringement of Plaintiff's Intellectual Property rights under common law.  Such unfair competition and infringement will continue unless enjoined by this Court.

## COUNT V

### BREACH OF PRIVACY/RIGHT OF PUBLICITY
### AND
### MISAPPROPRIATION OF NAME AND LIKENESS FOR COMMERCIAL PURPOSE

42. Plaintiff here realleges the allegations set forth in paragraphs 1-41 above with like effect as if the same were set forth here in full.

43. Defendants' use of plaintiff's image and name has been to defendants' commercial advantage, is without plaintiff's authorization or consent and has been to plaintiff's injury.

44. Such use by defendants will continue and plaintiff will suffer irreparable injury unless such use is immediately enjoined by the Court.

## COUNT VI

### BREACH OF CONTRACT/WRONGFUL TERMINATION

45. Plaintiff here realleges the allegations set forth in paragraphs 1-44 above with like effect as if the same were set forth here in full.

46. Plaintiff's oral agreement for employment with AND was modified or supplemented in early 2005. At that time, and in order to carry out his plan of transforming defendant APU, then solely owned by plaintiff, from a for-profit to a non-profit corporation, defendant Matthew B. James, acting as the then chairman and president of AND and for and

on its behalf, promised plaintiff that, if plaintiff would relinquish his ownership of APU, AND would provide plaintiff with life time employment.

47. The promise of defendant Matthew B. James was for the specific purpose of inducing plaintiff to relinquish his ownership in APU and with the expectation that plaintiff would do so in reliance upon defendant Matthew B. James' promise of continued employment.

48. Acting in reliance upon defendant Matthew B. James' promise, which reliance was in all respects reasonable, plaintiff did relinquish his ownership interest in APU.

49. Following the promise referenced in the preceding paragraphs, plaintiff remained in the employ of defendant AND and continued to provide his services to and on behalf of that entity and otherwise fully performed his employment obligations to that entity until the Fall of 2005 when plaintiff's services were abruptly and without justification terminated.

50. The termination of plaintiff's employment with defendant AND was in breach of the employment agreement between plaintiff and defendant AND, the approximate result of which has been that plaintiff has suffered damages in an amount to be determined.

## COUNT VII

## DEFAMATION

51. Plaintiff here realleges the allegations set forth in paragraphs 1-50 above with like effect as if the same were set forth here in full.

52. Following the termination of plaintiff's employment with defendant AND, the defendants and other persons acting on their behalf and at their behest have defamed plaintiff in his professional capacity by advising others that plaintiff's employment was terminated because of plaintiff's malpractice and/or incompetence.

53. Such statements as referenced in paragraph 52 above are, as defendants well know, false and were and are being made without justification.

54. These defamatory statements made by defendants and by other persons on their behalf and at their behest were and are being made for the specific purpose of harming plaintiff's professional reputation and benefitting defendants in their own business.

55. These defamatory statements made by defendants and other persons on their behalf and at their behest have caused and will, if not stopped, continue to cause damage to plaintiff's professional reputation and financial loss in an amount to be determined.

## COUNT VIII

## MONETARY RECOVERY

56. Plaintiff here realleges the allegations set forth in paragraphs 1-55 above with like effect as if the same were set forth here in full.

57. As a direct and proximate result of the foregoing, plaintiff has been damaged, and defendants have profited.

58. Plaintiff is entitled to a monetary award equal to his damages and defendants' profits. The amount of such damages and profits are not presently known to plaintiff, but plaintiff will, with leave of the Court, prove them at trial.

59. Defendants' use of Plaintiff's Intellectual Property, without plaintiff's consent or authorization, and the defamatory statements about plaintiff by defendants and others on their behalf and at their behest have caused plaintiff humiliation, embarrassment and mental distress.

60. Defendants' use of Plaintiff's Intellectual Property, termination of his employment agreement and the defamatory statements were done willfully, intentionally and/or with reckless disregard to plaintiff's rights entitling plaintiff to an award of punitive or exemplary damages in such amount as the jury may find to be appropriate.

WHEREFORE, plaintiff prays that judgment be entered in his favor as follows:

A.  Enjoining defendants and their respective shareholders, members, officers, directors, managers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from infringing Plaintiff's Intellectual Property by:

(1)  Using on or in connection with the sale, offering for sale and/or advertisement and/or promotion of goods or services or otherwise Plaintiff's Intellectual Property or any other property likely to cause confusion therewith; and

(2)  misappropriating that which rightfully belongs to plaintiff;

B.  Awarding plaintiff defendants' profits and plaintiff's losses and damages caused by the defendants' actions pursuant to 15 U.S.C. Section 1117;

C.  Awarding plaintiff the amount of money necessary to run a corrective advertising campaign;

D.  Awarding plaintiff damages for the breach of his employment

agreement, the defamatory statements, and for the humiliation, embarrassment and emotional distress caused by defendants' actions;

E.     Awarding plaintiff, pursuant to § 480-13(a), H.R.S., treble the amount of damages sustained;

F.     Awarding plaintiff such punitive or exemplary damages against the defendants as the Court deems appropriate; and

G.     Awarding plaintiff his costs and attorneys' fees, together with such other and further relief as may be appropriate under the circumstances.

DATED:  Honolulu, Hawaii, April 6, 2006.

>     /PAUL MAKI/
>     Attorney for Plaintiff
>     EVERETT W. JAMES

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served electronically on the following through CM/ECF on April 6, 2006:

    WILLIAM G. MEYER, III    wmeyer@dwyerlaw.com

    RONALD V. GRANT    rgrant@dwyerlaw.com

    PATRICK K. SHEA    pshea@dwyerlaw.com

    Attorneys for Defendants

DATED:  Honolulu, Hawaii, April 6, 2006.

    /s/ Paul Maki
    Attorney for Plaintiff